**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LOUIS CABALLERO | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| LOUIS FOLIO, *et al.* | : | NO. 04-2190 |

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE

August 30, 2005

**REPORT AND RECOMMENDATION**

Presently before this Court is a Petition for Writ of Habeas Corpus, filed *pro se,* pursuant to 28 U.S.C. § 2254. Louis Caballero ("Petitioner"), an inmate at the Greene State Correctional Institute in Waynesburg, Pennsylvania, asserts that he is serving an illegal sentence, because 1) the trial court improperly refused to allow testimony regarding his reputation for truthfulness; 2) the trial court improperly excluded testimony from an alibi witnesses; 3) counsel appointed on collateral appeal rendered ineffective assistance for not asserting ineffectiveness of trial counsel in failing to file timely notice of his alibi defense, in failing to object to a jury instruction regarding his confession and in failing to request a *Kloiber* identification instruction; and 4) the trial and appellate PCRA courts improperly refused to supply Petitioner with court documentation and transcripts essential to his litigate his claims. The Honorable Bruce W. Kauffman referred this matter to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). For the reasons that follow, it is recommended that each Petitioner's claims be DISMISSED and or DENIED, without a hearing.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

The facts leading to Plaintiff's arrest and conviction, as summarized by the trial court, follow:

> On February 12, 1995, at approximately 9:45 P,.M., [Petitioner], along with a cohort, Joseph Wieszczynski, both wearing ski masks, entered Mick's Restaurant, located in the basement area of the Bellevue Hotel at 200 South Broad Street. At that time, waiter Choong Won "David" Lee was closing down for the night: wiping down countertops, and tables, etc. [Petitioner] grabbed Mr. Lee, put him in a headlock, and dragged him toward the back of the restaurant. A brief struggle ensued, Mr. Lee pulled away from [Petitioner] and ran towards the front of the restaurant. [Petitioner] followed, grabbed a knife from one of the tables, and after yet another struggle, stabbed Mr. Lee just below the eye with the knife. [Petitioner] then proceeded to the lower level of the restaurant to join his compatriot.
>
> [Petitioner] then entered the office area on the lower level of the restaurant. His cohort held a gun to the head of manager John Frangos, and demanded that the bartender Larry Romano turn over the day's receipts. He then proceeded to the cash register, and took all the money. Both men then fled the restaurant.

*Commonwealth v. Caballero*, No. 0081, at 1-3 (Ct. Com. Pl. Phila. Cty, July 31, 1997) (internal citations omitted). Following a May 22, 1996 jury trial before the Honorable Albert John Snite, Jr., in the Philadelphia County Court of Common Pleas, Petitioner was convicted of robbery,[2] aggravated assault,[3] and criminal conspiracy.[4] He was sentenced on September 11, 1996, to serve consecutive terms of confinement of five to ten years on the robbery charge, five to ten years on the aggravated assault charge, and two to five years on the criminal conspiracy charge. *See Commonwealth v.*

[1]The facts in this background and procedural history were gleaned from the Petition for Writ of Habeas Corpus and the Commonwealth's Answer, inclusive of all exhibits thereto, including the attached decisions stylized as *Commonwealth v. Caballero*, No. 0081, op. at 1-3 (Ct. Com. Pl. Phila. Cty, July 31, 1997) (trial court opinion in response to Petitioner's appeal); *Commonwealth v. Caballero*, No. 3344 Phila. 1996 (Pa.Super. 1996), Kelly, Montemuro, JJ, and Cirillo, P.J.E. (opinion on Petitioner's direct appeal); *Commonwealth v. Caballero*, No. 3344 (Ct. Com Pl.Phila. Cty. December 24, 2001) ( PCRA trial court opinion); and *Commonwealth v. Caballero*, No. 1513 EDA 2001 (Pa.Super. 2003), Ford Elliot, Bender and Olszewski, JJ. (PCRA appellate court opinion).

[2]18 Pa.C.S. § 3701.

[3]18 Pa.C.S. § 2701(a)(1).

[4]18 Pa.C.S. § 903.

*Caballero*, No. 0081, at 2 (Ct. Com. Pl. Phila. Cty, July 31, 1997).

Petitioner timely appealed this judgment of sentence to the Superior Court of Pennsylvania;[5] the trial court responded with its opinion. On February 18, 1998, the Pennsylvania Superior Court affirmed Petitioner's judgment of sentence.[6] *See Commonwealth v. Caballero,* No. 3344 Phila. 1996, at 1 (Pa.Super.1998). The Pennsylvania Supreme Court denied *allocatur* on September 28, 1998. *See Commonwealth v. Caballero*, 727 A.2d 1116 (Pa. 1998).

Next, on August 4, 1999, Petitioner filed a petition for collateral relief, pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541, *et seq.*, *pro se*; however, the PCRA Court appointed counsel. *See Commonwealth v. Caballero*, No. 3344, at 2 (Ct. Com Pl.Phila. Cty. December 24, 2001).[7] On May 14, 2000, Petitioner's PCRA counsel filed a "no merit

[5]Petitioner, on direct appeal, alleged:

> (1) trial court error in denying Petitioner's motion to suppress his statements to a homicide detective;
> (2) trial court error in denying Petitioner's motion to suppress out-of-court identifications of him;
> (3) trial court error in application the mandatory minimum sentencing provision because of insufficient evidence Petitioner possessed a firearm;
> (4) trial court error in sentencing Petitioner to a consecutive term of imprisonment for aggravated assault, and ineffectiveness of trial counsel in failing to raise this issue;
> (5) trial counsel error in precluding Petitioner from presenting alibi defense;
> (6) trial court error in permitting introduction of pellet gun, despite failure of state to provide notice of its introduction or provide Petitioner with ballistics report;
> (7) ineffective assistance of trial counsel in referring to photograph of Petitioner as "mug shot," thus revealing to jury existence of prior arrest of Petitioner; and
> (8) trial court error in refusing introduction of alibi defense of Petitioner, given his testimony that he did not commit the crime and the refusal of court to allow corroborative testimony of alibi witnesses.

*Id.*, at 3-4.

[6]Petitioner defaulted six grounds and pursued only two claims during the intermediate appellate process:

> (1) trial court error in its refusal to permit Petitioner to present an alibi defense; and
>
> (2) trial court error in its refusal to allow Petitioner to introduce evidence of good reputation for truthfulness.

*Id.*, at 1.

[7] This *pro se* PCRA petition alleged five errors:

> (1) trial counsel was ineffective for failing to file a timely notice of an alibi defense;

letter" and a motion for leave to withdraw, in accordance with *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). *Id*., at 2. Counsel asserted there were no additional issues to state in a counseled amended petition. *Id*. The Honorable Webster J. Keogh concurred with counsel's assessment and informed [Petitioner], on March 13, 2001, of its intent to dismiss the petition, without a hearing. *See Commonwealth v. Caballero*, No. 1513 EDA 2001, at 2 (Pa. Super. 2003). Petitioner sought an extension of time to respond to the imminent dismissal and requested a copy of the "no merit letter" and portions of the trial transcript. *Id*. On April 16, 2001, the court denied Petitioner's request for an extension, dismissed his PCRA petition, and allowed counsel to withdraw. *Id*; *See Commonwealth v. Caballero*, No. 3344, at 6 (Ct. Com Pl. Phila. Cty. December 24, 2001). Petitioner appealed *pro se* to the Superior Court. *See Commonwealth v. Caballero*, No. 1513 EDA 2001, at 2 (Pa. Super. 2003).[8] By opinion dated May 19, 2003, the Superior Court affirmed the dismissal of

> (2) trial counsel was ineffective for referring to a pre-arrest photo of Petitioner as a "mug shot;"
> (3) trial counsel was ineffective for failing to present evidence that Petitioner was laid off and not fired from his job;
> (4) trial counsel was ineffective for allowing the sentencing court to consider evidence that he was in possession of a firearm during the commission of the robbery; and
> (5) appellate counsel was ineffective for failing to raise issues two, three and four on appeal.

*Id*., at 3.

[8]His appeal to Superior report from the PCRA determination alleged:

> (1) PCRA trial counsel was ineffective for failing to state a claim that counsel on Petitioner's direct appeal was ineffective for failure to raise the issue of ineffectiveness of trial counsel in failing to file timely notice of Petitioner's alibi defense;
> (2) PCRA trial counsel was ineffective for failing to state a claim that counsel on his direct appeal was ineffective for failure to raise the issue of the trial court's erroneous jury instruction regarding Petitioner's alleged confession;
> (3) PCRA trial counsel was ineffective for failing to state a claim that counsel on Petitioner's direct appeal was ineffective for failure to raise the issue of ineffectiveness of trial counsel in failing to request a *Kloiber* identification instruction;

Petitioner's PCRA petition. *Id*. The Pennsylvania Supreme Court denied Petitioner's petition for discretionary review, on April 13, 2004. *See Commonwealth v. Caballero,* 847 A.2d 1277 (Pa. 2004).

On May 20, July 25, 2004, Petitioner filed the instant petition for writ of *habeas corpus*. He advances seven claims of state court error:

> Ground One [1]- Refusal by the trial court to permit introduction of his good reputation for truthfulness in rebuttal to prosecution's attack on his credibility;
>
> Ground Two [2]-Refusal of trial court to allow an alibi defense because counsel failed to provide timely notice of it;
>
> Ground Three [3]-Ineffective assistance of PCRA counsel for failure to claim ineffective assistance by appellate counsel for failure to assert ineffective assistance by trial counsel for failing to file timely notice of alibi defense;
>
> Ground Four [4]-Ineffective assistance of PCRA counsel for failure to claim ineffective assistance by appellate counsel for failure to assert ineffective assistance by trial counsel for failing to object to erroneous jury instruction regarding his confession;
>
> Ground Five [5]-Ineffective assistance of PCRA counsel for failure to claim ineffective assistance by appellate counsel for failure to assert ineffective assistance by trial counsel for failing to request *Kloiber* identification jury instruction.
>
> Ground Six [6]-Refusal of PCRA trial court to supply him with requested trial transcripts, trial documents, and "no merit" letter in order to allow him to respond to letter and amend his PCRA claims; and
>
> Ground Seven [7]-Refusal of PCRA trial court to supply him with unaltered and/or complete trial transcripts and resulting inability of

---

> (4) PCRA trial court denied Petitioner's due process rights by failing to provide Petitioner with requested notes of testimony and an adequate opportunity to present his PCRA claims; and
> (5) PCRA trial court denied Petitioner access to the Superior Court by transmitting altered notes of testimony to Petitioner and the Superior Court.

*Id*., at 3-4.

him to present claims to PCRA trial court and Superior Court.

Pet. at 9-11. The government asserts that Petitioner's claims all are defaulted or devoid of merit.

## II. DISCUSSION

A. AEDPA Standard of Review

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA), which "altered the standard of review that a federal habeas court must apply to a state prisoner's claim that was adjudicated on the merits in state court." *Stevens v. Delaware Corr. Ctr.,* 295 F.3d 361, 368 (3d Cir.2002) (*citing Williams v. Taylor,* 529 U.S. 362, 402-13 (2000) (interpreting 28 U.S.C. § 2254(d)(1)). *See also Dunn v. Colleran,* 247 F.3d 450, 456-57 (3d Cir.2001) (*explaining Williams*). More specifically, AEDPA "placed a new restriction on the power of federal courts to grant writs of habeas corpus to state prisoners." *Dunn,* 247 F.3d at 456-57 (*quoting Williams,* 529 U.S. at 399). Pursuant to AEDPA, a federal habeas court may overturn state court's resolution of the merits of a Constitutional issue only if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Hackett v. Price*, 381 F.3d 281, 286 (3d Cir. 2004).

Under the "unreasonable application" clause, a federal court may grant the writ if the state court identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.* (*quoting Williams,* 529

U.S. at 412-13). The appropriate inquiry under the "unreasonable application of" standard is "whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* (*quoting Williams*, 529 U.S. at 409). An unreasonable application of federal law involves more than merely an incorrect or erroneous application of federal law: "[A] federal habeas court may not grant relief unless that court determines that a state court's incorrect or erroneous application of clearly established federal law was also unreasonable." *Id.* (*citing Williams,* 529 U.S. at 411).

The Supreme Court addressed AEDPA's factual review provisions in *Miller-El v. Cockrell,* 537 U.S. 322 (2003). The *Miller* court interpreted § 2254(d)(2) to mean that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Id.* at 340. Yet, a habeas court can "disagree with a state court's credibility determination." *Id.; Lambert v. Blackwell*, 387 F.3d 210, 235 (3d. Cir. 2004). *See also Wiggins v. Smith,* 539 U.S. 519 (2003) (rejecting state court's factual determination under § 2254(e)(1) and 2254(d)(2)). If the state court's decision based on a factual determination is unreasonable in light of the evidence presented in the state court proceeding, habeas relief is warranted under 2254(d)(2). *Lambert,*387 F.3d 235.

B. <u>Procedural Defaulted Claims-Grounds Two, Three, Four, and Five</u>

When a state court refuses to consider a petitioner's claims because of a violation of state procedural rules, a federal habeas court is barred by the procedural default doctrine from considering those claims, *Harris v. Reed*, 489 U.S. 255 (1989); *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992), unless the habeas petitioner can show "cause" for default and "prejudice" attributable thereto

or demonstrate a fundamental miscarriage of justice. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004). Any disqualifying procedural default, however, must rest on "adequate and independent" state law grounds. *Coleman v. Thompson,* 501 U.S. 722, 729 (1991); *Villot v. Varner*, 373 F.3d 327 (3d Cir. 2004); 28. U.S.C. Section 2254(b)(1)(A). A state procedural rule provides an independent and adequate basis for precluding federal habeas review of a state prisoner's claims when: 1) the state procedural rule speaks in unmistakable terms; 2) all state appellate courts refused to review petitioner's claims on the merits; 3) the state court's refusal of review is consistent with other decisions; and, 4) the state rule is consistently and regularly applied. *Szuchan v. Lehman*, 273 F.3d 299, 325-26 (3d Cir. 2001)(*citing Doctor v. Walters*, 96 F.3d 675 (3d Cir. 1996).

This court will dismiss procedurally defaulted claims unless the petitioner demonstrates both "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or shows that the court's failure to consider the claims will result in a "fundamental miscarriage of justice." *Wainwright v. Sykes*, 433 U.S. 72, 91 (1977). *See Williams v. Taylor*, 529 U.S. 420, 433 (2000). "The Supreme Court has delineated what constitutes 'cause' for the procedural default: the petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Werts v. Vaughn*, 228 F.3d 178, 192-93 (3d Cir. 2000), *cert. denied* 532 U.S. 980 (2001) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "Actual prejudice" occurred if an error caused petitioner " actual and substantial disadvantage." *U.S. v. Frady*, 456 U.S. 152, 170 (1972). The burden of proof rests on petitioner to establish both cause for the default and prejudice resulting therefrom. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Coleman*, 501 U.S. at 754; *Caswell*, 953 F.2d at 962.

To establish a miscarriage of justice excusing a procedural default, a habeas petitioner must "persuade [] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). The miscarriage of justice inquiry is thus concerned with "actual innocence." *Sawyer v. Whitley, 505 U.S. 333, 339 (1992). See also Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir.)*, cert. denied*, 537 U.S. 897 (2002).

*1. Trial Court Preclusion of Alibi Defense - Ground Two*

Petitioner contends that the trial court erred by precluding his alibi defense. The trial court, based on Pennsylvania Rules of Criminal Procedure 305(c)(1)(a) and (d)[9] and 307,[10] deemed Petitioner's alibi notice untimely, and properly so. *See Commonwealth v. Caballero*, No. 0081, at

[9]Pa.R.Crim.P. 305(c)(1)(a), (d) provide as follows:

> **Notice of Alibi Defense**. A defendant who intends to offer the defense of alibi at trial shall, at the time required for filing the omnibus pretrial motion under Rule 306, file of record notice signed by the defendant or the attorney for the defendant, with proof of service upon the attorney for the Commonwealth, specifying intention to claim such defense. Such notice shall contain specific information as to the place or places where the defendant claims to have been at the time of the alleged offense and the names and addresses of witnesses whom the defendant intends to call in support of such claim.

(This notice provision was superceded by Pa.R.Crim.P. 573(C)(1)(a), without pertinent substantive change.) The penalty for late notice is contained in Pa.R.Crim.P. 305(c)(1)(d):

> **Failure to File Notice.** If the defendant fails to file and serve notice of alibi defense or insanity or mental infirmity defense as required by this rule, or omits any witness from such notice, the court at trial may exclude the testimony of any omitted witness, or may exclude entirely any evidence offered by the defendant for the purpose of proving the defense, except testimony by the defendant, or may grant a continuance to enable the Commonwealth to investigate such evidence, or may make such other order as the interests of justice require.

[10]Pa.R.Crim.P Rule 307 provides as follows:

> Except as otherwise provided in these rules, the omnibus pretrial motion for relief shall be filed and served within thirty (30) days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion or unless the time for filing has been extended by the court for cause shown.

(This provision has been superceded by Pa.R.Crim.P. 597(A), with no change of wording.)

12-13 (Ct.). State procedural rules, applied in tandem, required Petitioner to notify the Commonwealth of his potential alibi defense and witnesses no later than thirty (30) days after his arraignment. *See* Pa. R. Crim. P. 305(c)(1)(a), (d), and 307. Petitioner was arraigned on December 15, 1995, hence, the alibi defense should have been noticed on or before January 14, 1996. *See Commonwealth v. Caballero*, No. 0081, at 13 (Ct. Com. Pl. Phila. Cty, July 31, 1997). Six weeks post-arraignment, on March 1, 1996, defense counsel explicitly informed the court that "this was not an alibi case." *Id*. Thereafter, on May 22, 1996, the day trial was scheduled to commence, defense counsel first announced to the court and Commonwealth its intention to assert an alibi defense; the court, exercising the penalty for late notice set forth in PA.R.Crim.P. 305(c)(1)(d), stated "I'm going to rule that the alibi notice is too late and prohibit the use of an alibi defense in this case." *See Commonwealth v. Caballero*, No. 0081, at 13, *quoting N.T.* 5/20/95 at 127. On direct appeal, the Superior Court affirmed the trial court's holding on this issue as "thoroughly addressed and properly disposed of in the trial court's Opinion . . ." *See Commonwealth v. Caballero,* No. 3344 Phila. 1996, at 1 (Pa.Super.1998).[11]

This ruling of the state courts rests upon an adequate and independent state ground. Rule 305(c)(1)(d) speaks in unmistakable terms and, considered in conjunction with Rules 305(c)(1)(a) and 307, forms incontrovertible justification for the ruling of the trial court. The Superior Court refused to revise this ruling petitioner's. Moreover, a review of decisions based upon Rule 305(c)(1)(d) (and its successor, Rule 573(C)(1)(d)), leave no question as to the consistency with

[11] In his PCRA petition, Petitioner first alleged ineffective assistance of trial counsel for giving the trial court late notice of the alibi defense. *See Commonwealth v. Caballero*, No. 3344, at 3 (Ct. Com Pl.Phila. Cty. December 24, 2001). On appeal from the denial of that petition, and in his habeas corpus petition, he has styled the same claim as ineffective assistance of PCRA counsel for failure to claim ineffectiveness of appellate counsel in failing to claim ineffective assistance by trial counsel for giving late notice of the offense. *See Commonwealth v. Caballero*, No. 1513 EDA 2001, at 3 (Pa.Super. 2003); pet. at 10. These ineffectiveness of counsel claims are addressed in Section II.B.4. below.

which the state courts enforce this rule. *See Commonwealth v. Lyons*, 833 A.2d 245, 257 (Pa. Super. 2003) (precluding introduction of alibi witnesses where Rule 573(C)(1)(d) was violated); *Commonwealth v. Poindexter*, 646 A.2d 1211, 1219 (Pa. Super.1994) (precluding instruction to jury on alibi defense, because of Rule 305(c)(1)(d) violation); *Commonwealth v. Anthony,* 546 A.2d 1122, 1124 (Pa. Super.1988) (precluding alibi defense where Rule 305(c)(1)(d) notice was provided on the day of trial); *Commonwealth v. Fernandez*, 482 A.2d 567, 571 (Pa. Super.1984) (precluding testimony of alibi witness for failure to give Rule 305(c)(1)(d) notice).

Petitioner has not demonstrated the required cause and prejudice to overcome this state procedural default. He sufficiently briefed other aspects of this issue, but has not shown that some objective factor, outside of his own defense, prevented compliance with the state requirement. *See Caswell, v. Ryan*, 953 F.2d 853, 862 (3d Cir. 1992). Since Petitioner has not demonstrated cause for his default, prejudice is irrelevant. Moreover, Petitioner failed to demonstrate his actual innocense. The jury heard Plaintiff's own alibi testimony and did not find it credible, possibly because two disinterested eyewitnesses who had clear opportunities to view defendant at and near the crime scene, identified him in court. *See Commonwealth v. Caballero*, No. 0081, at 7 fn.6 (Ct. Com. Pl. Phila. Cty, July 31, 1997). Since Petitioner cannot show he is innocent, no miscarriage of justice has occurred. The procedural ruling of the state courts, thus, should stand, without review.[12]

[12]Additionally, Petitioner's claim is non-cognizable. As previously stated, federal courts will not intervene in the enforcement of a state criminal procedural rule, unless that rule violates some fundamental right of Petitioner. *Medina v. California*, 505 U.S. 437, 445-46 (1992), *quoting Patterson v. New York*, 432 U.S. 197 (1977); *Marshall v. Lonberger,* 459 U.S. 422, 438 fn.6 (1983); *Spencer v. State of Texas*, 385 U.S. 554, 563-64 (1967). Even clearly erroneous application of state law is not subject federal review or correction, without a constitutional error as well. Rather, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), *citing* 28 U.S.C. Section 2241 and *Rose v. Hodges,* 423 U.S. 19, 21 (1975). Petitioner has neither alleged nor shown that any United States Constitutional or other federal provision restricts a state trial court's discretionary right to impose and enforce deadlines in asserting claims and defenses. *See Johnson v. Rosemeyer*, 117 F.3d 104, 111 (3d Cir. 1998) (holding that a petitioner must cite specific federal law requiring contrary state court ruling in order to obtain habeas relief). Petitioner also has failed to cite any authority establishing that the ruling "offend[s] some principle of justice so rooted in the traditions and conscience of

*2. Ineffective Assistance of PCRA Counsel - Ground Three*

Petitioner contends, in Ground Three, that his PCRA counsel was ineffective in failing to claim ineffective assistance by direct appeal counsel for, failing to assert ineffective assistance of trial counsel for failure to file timely notice of Petitioner's alibi notice. The PCRA court dismissed Petitioner's claim as "finally litigated and not subject to further review in this proceeding [*citation omitted*]." *Commonwealth v. Caballero*, No. 3344, at 5 (Ct. Com. Pl. Phila. Cty. December 24, 2001). The Superior Court affirmed this decision on the grounds stated by the trial court:

> Under the 1995 amendments to the PCRA, appellant was required to plead and prove that the allegations of error he raises have not been previously litigated or waived. 42 Pa.C.S.A. §9543(3).[13] "[A]n issue has been previously litigated if . . . the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S.A. §9544(a)(2).[14] "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in prior state post-conviction proceedings." §9544(b).[15]
>
> Appellant has avoided waiver by "layering" this allegations [*sic*] of error in terms of trial, appellate, and PCRA counsel's ineffectiveness. *See Commonwealth v. Persell*, 561 Pa. 214, 222, 749 A.2d 911, 915 (2000)("We have held that properly layered claims of ineffective assistance of counsel survive the waiver bar of 42 Pa.C.S. §9544(b)."). We agree with the PCRA court, however, that this claim was previously litigated on direct appeal and cannot be raised again

---

our people as to be ranked as fundamental," *Speiser v. Randall,* 357 U.S. at 523, and the court found none. Since the state's alibi ruling does not violate any federal law, it should be dismissed. *See* 28 U.S.C. § 2254(d)(1).

[13]42 Pa.C.S.A. § 9543[a](3) provides:

> **(a) General rule.**–To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> (3) That the allegation of error has not been previously litigated or waived.

[14]42 Pa.C.S.A. § (a)(2) provides:

> **(a) Previous litigation.**–For purposes of this subchapter, an issue has been previously litigated if:
>
> (3) it has been raised and decided in a proceeding collaterally attacking the conviction or sentence.

[15]42 Pa.C.S.A. §9544(b) provides:

> **(b) Issues waived.**–For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.

> under the PCRA. 42 Pa.C.S.A. §9543(3), 43 Pa.C.S.A. §9544(a)(2).
>
> A petitioner cannot obtain post-conviction review of claims previously litigated on appeal by alleging ineffective assistance of prior counsel and presenting new theories of relief to support previously litigated claims. *Commonwealth v. Beasley*, 544 Pa.554, __, 678 A.2d 773, 778 (1996), *cert. denied*, 520 U.S. 1121 (1997).[16] Although appellant's argument is framed in terms of a violation of due process, he essentially argues that he was not permitted to present an alibi defense at trial. In a memorandum decision affirming appellant's judgment of sentence, a panel of this court rejected this issue based on the trial court's well-reasoned opinion. (*See* memorandum at 1; trial court opinion, 7/31/97 at 12-14.) Therefore, as the substance of this issue was previously addressed on direct review, he is barred from relitigating it in a PCRA petition.

*See Commonwealth v. Caballero*, No. 1513 EDA 2001, at 5-6 (Pa. Super. 2003).

The determination by the Superior Court that Petitioner waived this issue because it was finally litigated constitutes a procedural default by Petitioner. *See Sistrunk v. Vaughn,* 96 F.3d 666, 674-675 (3d Cir. 1996). This Superior Court determination provides an adequate and independent state ground for precluding federal habeas review of Petitioner's claim. The state procedural rule is clearcut – a petitioner may not obtain fresh PCRA review of a claim by alleging ineffective assistance of prior counsel in handling it. All Pennsylvania appellate courts refused further review of this claim for procedural reasons. This result is consistent with state decisional law that is enforced with regularity. *See e.g. Commonwealth v. Reyes*, 870 A.2d 888, 895-96 (Pa. 2005), *citing Commonwealth v. Bracey,* 795 A.2d 935, 939 n.2 (Pa. 2001); *Commonwealth v. Christy*, 656 A.2d 877, 881, 885 (Pa.1995); *Commonwealth v. Peterkin*, 649 A.2d 121, 123-124 (Pa. 1994); *Com. v. Wilson*, 305 A.2d 10, 10 (Pa. 1973).

---

[16] The PCRA trial court cited *Commonwealth, v. Christy*, 540 Pa. 192, 656 A.2d 877, 881 (1995),*Commonwealth v. Travaglia*, 541 Pa. 108, 661 A.2d 352, 358 (1995) and *Commonwealth v. Bond*, 630 A.2d 1281, 1282 (Pa.Super. 1993) as precedent for this principle. *See Commonwealth v. Caballero*, No. 0081, at 5 (Ct. Com. Pl. Phila. Cty. December 24, 2001).

Moreover, Petitioner has failed to argue any legitimate reason why his default should be excused. He blames trial counsel for the late notice, notwithstanding instructions to proceed with the alibi. This is not adequate cause, in that the timing of notice was in the control of defense, not external to it. *See Werts v. Vaughn*, 228 F.3d 178, 192-93 (3d Cir. 2000), *cert. denied* 532 U.S. 980 (2001) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Assuming, *ad arguendo*, adequate cause existed for the delay, Petitioner suffered no "actual prejudice" in the form of "actual and substantial disadvantage," *U.S. v. Frady*, 456 U.S. 152, 170 (1972), as a result of preclusion of the alibi witnesses.

First, the underlying claim, as noted above, is constitutionally non-cognizable; no federal law compels the state courts to excuse late notice of a criminal defense and no abuse of discretion was shown. S*ee Johnson v. Rosemeyer*, 117 F.3d 104, 111 (3d Cir. 1998) (holding that petitioner must cite specific federal law requiring contrary state court ruling in order to obtain habeas relief). This court may not reverse even an incorrect evidentiary ruling by the state courts. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), *citing* 28 U.S.C. Section 2241 and *Rose v. Hodges,* 423 U.S. 19, 21 (1975). Second, counsel's failure to raise a meritless argument is not ineffective assistance. *U.S. v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999), citing *Newstead v.Gibson*, 158 F.3d 1085, 1090 (10th Cir. 1998); *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994); *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989).

Moreover, Petitioner has neither argued nor shown that counsel's failure to comply with Rule 305(c)(1)(d) "offend[s] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental," *Speiser v. Randall,* 357 U.S. at 523, and the court knows of none. He has not argued that, upon hearing the proposed alibi witness testimony, "no juror, acting

reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Contrariwise, compelling eyewitness testimony at trial, placed Petitioner at the crime scene. Accordingly, Petitioner has failed to demonstrate the existence of a miscarriage of justice and his third, unreviewable, ground for relief should be dismissed.

*4. Layered Ineffective Assistance of PCRA Counsel - Grounds Four and Five*

Petitioner asserts in Grounds Four and Five that PCRA counsel was ineffective in that he failed to claim ineffective assistance by direct appeal counsel for, in turn, failing to assert ineffective assistance by trial counsel for failure to object to an allegedly erroneous jury instruction regarding his confession and to request a *Kloibe*r identification jury instruction. Petitioner raised these claims neither on direct or on collateral appeal.[17] The Superior Court deemed these claims waived pursuant to Pa.R.App.P. 302(a), which provides that issues not raised in the lower court are waived and cannot be raised for the first time on appeal. *See Commonwealth v. Caballero*, No. 1513 EDA 2001, at 6 (Pa. Super. 2001) *citing Commonwealth v. Kenny*, 732 A.2d 1161, 1165 (Pa. 1999).

The state court further noted that the "no merit" letter, prepared by Petitioner's court-appointed PCRA counsel, effectively put Petitioner on notice that these two issues had not been raised; still Petitioner did not present them in his response to the notice of dismissal. *Id*., at 7. As established by the ruling of the Pennsylvania Supreme Court in *Kenney*, *supra*, failure to preserve an issue for appeal results in dismissal without review. *See Werts v. Vaughn*, 228 F.3d 178, 194 (3d Cir. 2000), *cert. denied* 532 U.S. 980 (2001), *citing Sistrunk v. Vaughn*, 96 F.3d 666, 671 (*citing* Pa.R.App.P. 302(a) and *Commonwealth v. Lubron*, 669 A.2d 917, 919 (Pa. 1995), *rev'd on other grounds*, 518 U.S. 938 (1996)). Furthermore, claims are deemed waived for PCRA purposes if they

[17] *See supra* notes 5, 6, and 7, at 3-4.

could have been raised at an earlier stage in the proceedings and were not. *Id.*, *citing* 19 P.S. § 1180-4(b)(1966). Such a waiver constitutes a procedural default for federal habeas purposes. *Id.*

Once again, Petitioner has not shown reasonable cause, external to the defense, for the default or prejudice resulting therefrom. *Werts v. Vaughn*, 228 F.3d at 192-93, *quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986). Likewise, he has not shown that, if these grounds had been considered by the state courts on their merits, no reasonable juror would have convicted him. *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Hence, dismissal without federal review of the merits is warranted.

**C.** Merits

*1. Trial Court's Preclusion of Reputation For Truthfulness Evidence - Ground One*

Petitioner contends, as his first properly exhausted ground for relief, that the trial court erred by refusing to allow him to adduce evidence of his reputation for truthfulness. The trial court found that Petitioner had never been impeached by evidence of a bad reputation for truth and veracity and that he, therefore, had no right to present rehabilitation evidence. *See Commonwealth v. Caballero*, No. 0081, at 17-19 (Ct. Com. Pl. Phila. Cty, July 31, 1997). In affirming the trial court, the Superior Court noted that the issue had been "thoroughly addressed and properly disposed of in the trial court's Opinion . . ." *See Commonwealth v. Caballero*, No. 3344 Phila.1996, at 1 (Pa.Super.1996).

It has long been established that, except where a state criminal procedural law violates the fundamental rights of a defendant, the federal courts will not intervene in its enforcement. In *Spencer v. State of Texas*, 385 U.S. 554, 563-64 (1967), the Supreme Court stated that "Cases in this Court have long proceeded on the premise that the Due Process Clause guarantees the fundamental elements of fairness in a criminal trial. [*Multiple citations omitted.*] But it has never been thought that such cases establish this Court as a rule-making organ for the promulgation of state rules of criminal

procedure." *See also Marshall v. Lonberger,* 459 U.S. 422, 438 fn.6 (1983). In *Medina v. California*, 505 U.S. 437, 445-46 (1992), the Court quoted *Patterson v. New York*, 432 U.S. 197 (1977), as establishing the test to be applied by the federal courts when determining if a state rule of criminal procedure runs afoul of the Constitution:

> "It goes without saying that preventing and dealing with crime is much more the business of the States than it is of the Federal Government [*citation omitted*] and that we should not lightly construe the Constitution so as to intrude upon the administration of justice by the individual States. Among other things, it is normally 'within the power of the State to regulate procedures under which its laws are carried out . . .' and its decision in this regard is not subject to proscription under the Due Process Clause unless 'it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.' *Speiser v. Randall,* 357 U.S. 513, 523 [78 S.Ct.1332, 1341, 2 L.Ed.2d 1460] (1958). [*Multiple citations omitted.*] As *Patterson* suggests, because the States have considerable expertise in matters of criminal procedure and the criminal process is grounded in centuries of common-law tradition, it is appropriate to exercise substantial deference to legislative judgments in this area.

(Italicized brackets added.) Even in instances where a state court has erred in its application of state law, such an error may not be the subject of review by a federal court adjudicating a petition for habeas corpus. Rather, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), *citing* 28 U.S.C. Section 2241 and *Rose v. Hodges,* 423 U.S. 19, 21 (19 75).

Petitioner has not cited any federal law that requires the Commonwealth to admit evidence of reputation for truthfulness and this court is not aware of such jurisprudence. S*ee Johnson v. Rosemeyer*, 117 F.3d 104, 111 (3d Cir. 1998) (petitioner must cite specific federal law requiring contrary state court ruling in order to obtain habeas relief). Hence, assuming, *ad arguendo*, that Petitioner is correct – that the state courts did err in application of state law to this issue – said error

lies beyond the purview of this court. *Estelle*, 502 U.S. at 67-68. Moreover, Petitioner has not cited and this court has not found any authority establishing that the adverse ruling "offend[s] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Speiser v. Randall,* 357 U.S. at 523. Inasmuch as this state court ruling does not violate clearly established federal law, relief on this ground should be dismissed. 28 U.S.C. § 2254(d)(1).

*2. PCRA Court's Failure To Supply Full Trial Documentation - Grounds Six and Seven*

Petitioner claims, in ground six, that the PCRA court failed to supply him with requested trial transcripts, trial documents, and a copy of the "no merit" letter so that he could respond appropriately and amend his PCRA claims; ground seven alleges that the court failed to provide him with unaltered and/or complete trial transcripts, preventing his presentation of claims to both the PCRA and Superior Courts. The Superior Court found no merit to either of these claims.

Initially, the court notes that, in ground six, Petitioner never complained to the PCRA court that he did not receive a copy of the "no merit" letter. This claim, thus unexhausted, is inappropriate for federal review. Moreover, in affirming the dismissal of Petitioner's claim, the Superior Court noted that, Petitioner's contention to the contrary notwithstanding, the PCRA trial court considered and appropriately denied Petitioner's request for a copy of those transcripts. *Commonwealth v. Caballero*, No. 1513 EDA 2001, at 7 (Pa.Super. 2001). The PCRA court reasoned that, since Petitioner included citations to the notes of testimony in his *pro se* petition, he obviously had access to the record and ample opportunity to substantiate his PCRA claims. *See id.*, at 8. Additionally, the Superior Court determined that no notes of testimony were necessary for Petitioner to respond to counsel's "no merit' letter, because none of his five claims of ineffective assistance of counsel

demonstrated prejudice, as required by *Commonwealth v. Pierce*, 527 A.2d 973 (Pa 1987). *Id*.

With regard to ground seven, the Superior Court ruled that Petitioner's claim that the notes of testimony he did receive were altered and missing critical testimony, was baseless. The state court noted that it had remanded Petitioner's case to the trial court with the specific directive that Petitioner be provided with the transcripts; copies were forwarded and the record recertified. *Id*., at 9. Petitioner did not timely complain that the notes supplied were incomplete. *Id*., at 10.

Claims against the PCRA court are herein non-cognizable:

> The federal courts are authorized to provide collateral relief where a petitioner is in state custody or under a federal sentence imposed in violation of the Constitution or the laws or treaties of the United States. 28 U.S.C. §§ 2254, 2255. Thus, the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; *what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation*. We have often noted the general proposition that habeas proceedings are "hybrid actions"; they are "independent civil dispositions of completed criminal proceedings." *See, e.g., Santana v. United States,* 98 F.3d 752, 754 (3d Cir. 1996).

*Hassine v. Zimmerman,* 160 F.3d 941, 954 (Cir.3 1998*), cert. denied* 526 U.S. 1065 (1999) (*textual emphasis supplied*).

The court notes also that Petitioner does not and cannot maintain that grounds six and seven establish his innocence of the crimes of which he was convicted and that, as a result, he has established no basis upon which to establish that a miscarriage of justice occurred in regard to the Superior Court's rulings. The miscarriage of justice inquiry is . . . concerned with "actual innocence." *Sawyer v. Whitley, 505 U.S. 333, 339 (1992). See also Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir.)*, cert. denied*, 537 U.S. 897 (2002). Petitioner has not persuaded this court that, in light of new

evidence, no reasonable juror would have voted to convict him. *Schlup v. Delo*, 513 U.S. 329.

Pursuant to *Miller-El v. Cockrell,* 537 U.S. 322 (2003), interpreting 22 U.S.C. § 2254(d)(2), "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Id.* at 340. The state court determinations with regard to these allegations of Petitioner are in no way objectively unreasonable. Accordingly, the Petitoner is not in state custody imposed in violation of the Constitution or federal law, and his petition should be dismissed. 28 U.S.C. §§ 2254, 2255.

## III. CONCLUSION

Petitioner's claims are all non-cognizable, procedurally defaulted, or both. Therefore, this habeas corpus Petition should be dismissed or denied in its entirety. Accordingly, I make the following:

## RECOMMENDATION

AND NOW, this 30th day of August, 2005, for the reasons contained in the preceding report, it is hereby RECOMMENDED that Petitioner's non cognizable claims, Grounds One, Two, Six and Seven, and Petitioner's procedurally defaulted claims, Grounds Two through Five, of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED, without an evidentiary hearing. Petitioner has neither demonstrated that any reasonable jurist could find this court's procedural ruling debatable, nor shown denial of any Constitutional right; hence, there is no probable cause to issue a certificate of appealability.

____________________________________
CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE